**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOEL A. BARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-06284** |
| | ) | |
| **DIAGEO NORTH AMERICA INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Joel A. Barnes ("Plaintiff"), by and through his attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the Defendant, Diageo North America Inc. ("Defendant"), states as follows:

### NATURE OF CASE

1.  Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.* ("ADA"), and the Family Medical Leave Act, 29 U.S.C. 2601 *et seq.* ("FMLA") for discriminating against him on the basis of his religion and disabilities, retaliating against him for engaging in activity protected by Title VII, the ADA, and the FMLA, and interfering with his FMLA leave rights, all during the course of his employment with Defendant.

### JURSIDICTION AND VENUE

2.  Jurisdiction of this action is conferred upon the Court by 28 U.S.C. § 1331.

3.  Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District

of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4.     Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") asserting claims like or reasonably related to the claims asserted herein (*see* "Exhibit A"). Thereafter, the EEOC sent Plaintiff a Notice of Right to Sue on those claims (*see* "Exhibit B"). Plaintiff timely initiated this action with the United States District Court for the Northern District of Illinois within 90 days of his receipt of the Notice of Right to Sue.

## PARTIES

5.     Plaintiff is an adult, Hebrew Israelite, disabled individual and is a resident of Joliet, Illinois.

6.     Defendant is a domestic for-profit corporation organized under the laws of the State of Illinois engaged in interstate commerce with its corporate headquarters in New York, New York.

7.     At all times relevant to the allegations herein, Defendant was an "employer" of Plaintiff as that term is defined under Title VII, the ADA, and the FMLA.

8.     At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII, the ADA, and the FMLA.

## FACTUAL ALLEGATIONS

9.     Plaintiff was diagnosed with PTSD, Asthma, Anxiety, High Blood Pressure, and Depression. These disabilities substantially limit Plaintiff in several daily life activities, including but not limited to regulating emotions, socializing, communicating, thinking, and

concentrating, in addition to his severe allergic/asthmatic reactions to certain materials such as cardboard, dust, mold, etc.

10. Plaintiff has practiced Judaism since October 2023, and Defendant was made aware of his religious practices in December 2023.

11. Plaintiff began employment with Defendant in or around May 2012, his most-recent position being Machine Operator. At all times relevant to the allegations herein, Defendant was aware of Plaintiff's disabilities.

12. At all times relevant to the allegations herein, Plaintiff was meeting the legitimate job performance expectations of Defendant when said expectations were applied to him, regardless of religion, disability, and history of engaging in protected activity.

## COUNT I
## (TITLE VII – RELIGIOUS DISCRIMINATION)

13. Plaintiff re-alleges paragraphs 1 through 12 and incorporates them as if fully set forth herein.

14. Title VII prohibits employers from discriminating against employees based upon religious beliefs regarding the material terms and conditions of employment.

15. On December 11, 2023, Plaintiff informed Michael Brown, Human Resources Manager, on a recorded Zoom conference call that included Arleska Catillo, Corporate Human Resources, and William "Bill" Clover, Union Representative, that he was to have an ongoing need to have Saturdays off work to observe the Sabbath.

16. On January 8, 2024, Plaintiff personally informed Jonathan Gavilanes, Team Lead, that he made a request to Michael Brown, Human Resources Manager, for Saturdays off work to observe the Sabbath, to which Mr. Gavilanes replied saying Plaintiff must work every other Saturday per the CBA Agreement.

3

17.     On February 14, 2024, during Plaintiff's complaint regarding Jonathan Gavilanes, Team Lead, Plaintiff reiterated his question to William "Bill" Clover, Union Representative, of how quickly his religious accommodation of Saturdays off work to observe the Sabbath can be implemented. Mr. Clover stated that discussions were had regarding Defendant's need for individuals to transfer to the other building, but it was Defendant's decision, and the only way Plaintiff would be permitted Saturdays off work was if Plaintiff transferred to the other building, which would cause a decrease in his income.

18.     On February 21, 2024 at approximately 3:30 a.m., Plaintiff personally informed Eric Karr, Human Resources Representative, of his request for Saturdays off work to observe the Sabbath, and his need to be transferred to the other building, though it would cause reduced hours and therefore reduced income, to which Mr. Karr replied that it was not his decision.

19.     On or around March 6, 2024, Plaintiff signed the list of those willing to transfer to the other building in the presence of Eric Karr, Human Resources Representative, in the front office.

20.     On or around March 21, 2024, Plaintiff was terminated by Defendant without reasonable cause or justification.

21.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of his religious beliefs when it subjected him to a hostile work environment, denied religious accommodations, and terminated his employment.

22.     As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

23.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible religious discrimination.

4

24.     Plaintiff demands to exercise his right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT I**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count I and that it:

a)      Award Plaintiff equitable/injunctive relief;

b)      Award Plaintiff the value of all actual damages proven at trial;

c)      Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages and damages for emotional distress;

d)      Award Plaintiff punitive damages;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

**COUNT II**
**(TITLE VII – RETALIATION)**

25.     Plaintiff re-alleges paragraphs 1 through 24 and incorporates them as if fully set forth herein.

26.     Title VII prohibits employers from retaliating against employees for engaging in protected activity, such as requesting religious accommodations, regarding the material terms and conditions of employment.

27.     As alleged herein, Plaintiff was denied religious accommodations.

28.     By its conduct alleged herein, Defendant retaliated against Plaintiff for requesting religious accommodations when it terminated his employment without legitimate cause or justification.

29.     As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

30. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

31. Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT II

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count II and that it:

a) Award Plaintiff equitable/injunctive relief;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages and damages for emotional distress;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any other relief this Court deems just and proper.

## COUNT III
## (ADA – DISABILITY DISCRIMINATION)

32. Plaintiff re-alleges paragraphs 1 through 12 and incorporates them as if fully set forth herein.

33. The ADA prohibits employers from discriminating against employees on account of a disability.

34. From 2020 to date of termination, Plaintiff annually provided Defendant with his disability restrictions/accommodations, most-recent being applicable from July 2023 through July 2024.

35.     In June 2021, Plaintiff was asked by Tom Houlihan, Team Lead at the time, to sign a document indicating he is aware he may face discipline if he does not abide by his restrictions, and specifically pointed out that this was a permanent agreement.

36.     In July 2023, Plaintiff sent via e-mail his disability restrictions/accommodations to Eric Karr, Human Resources Representative, specifying a return-to-work date following his FMLA continuous leave of absence.

37.     Following Plaintiff's complaints of harassment by Ambrosio Menendez, Area Manager, on October 12, 2023, Ambrosio Menendez ordered Plaintiff to work in an area that was restricted due to Plaintiff's disability accommodations, at which time Plaintiff reminded Mr. Menendez of his restrictions/accommodations. In response, Mr. Menendez began yelling, "I know, Joel!", "This is the line you are assigned to tonight, I need you to go to the packer now!", "Are you refusing to go to the packer?", "Are you being insubordinate?"

38.     Plaintiff then asked to call his union representative, to which Mr. Menendez replied, "I don't care who you call, I want you to go to the packer now!" Mr. Menendez, while aggressively approaching Plaintiff, yelled, "Go there, go there now! You will go where I tell you to go!"

39.     In December 2023, during the investigation into Plaintiff's complaints of harassment by Ambrosio Menendez, Area Manager, Michael Brown, Human Resources Manager, requested that Plaintiff resend his restrictions/accommodations via e-mail.

40.     On February 14, 2024, while being aware of Plaintiff's FMLA status and while the investigation into Plaintiff's complaints was active, Jonathan Gavilanes, Team Lead, began to create a hostile work environment for Plaintiff, exacerbating symptoms of his disabilities (e.g., ordering Plaintiff to conduct unsafe operations on machines without proper training or support,

being told, "I don't care, you must be treated like everyone else and do changeovers!", "Joel, we are short-handed, I don't care, just go over there and push some buttons!") This treatment resulted in Plaintiff experiencing a panic attack and filing a complaint of harassment against Mr. Gavilanes.

41.     On or around March 21, 2024, Plaintiff was terminated by Defendant without reasonable cause or justification.

42.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of his disabilities when it subjected him to a hostile work environment, denied his disability accommodations, and terminated his employment without reasonable cause or justification.

43.     As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress due to the loss of his employment.

44.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

45.     Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT III

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count III and:

a)      Award Plaintiff equitable/injunctive relief;

b)      Award Plaintiff the value of all actual damages proven at trial;

c)      Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages and damages for emotional distress;

d)      Award Plaintiff punitive damages;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)   Award Plaintiff any other relief this Court deems just and proper.

**COUNT IV**
**(ADA – RETALIATION)**

46.   Plaintiff re-alleges paragraphs 32 through 45 and incorporates them as if fully set forth herein.

47.   The ADA prohibits employers from retaliating against employees for engaging in protected activity, such as requesting accommodations or complaining about disability accommodations not being granted.

48.   Plaintiff engaged in ADA protected activity when he requested disability accommodations as alleged herein.

49.   Since 2020, Plaintiff was harassed, asked to work in areas restricted by his accommodations, and/or areas that led to exacerbated symptoms of his disabilities on or around, but not limited to, the following specific dates: September 10, 2022, November 14, 2022, November 20, 2022, January 24, 2023, January 27, 2023, February 21, 2023, March 10, 2023, April 23, 2023, May 6, 2023, June 12, 2023, July 10, 2023, July 14, 2023, August 21, 2023, October 12, 2023, January 26, 2024, February 14, 2024, March 21, 2024.

50.   Plaintiff made the following complaints regarding his treatment:

a.   January 1, 2020, in-person complaint to Eric Karr, Human Resources Representative, regarding Demenico DiPlato, Team Lead, ordering Plaintiff to work in an area restricted by his accommodations, and saying, "Your health is not my concern";

b.   January 1, 2020, phone call complaint to Speak Up Hotline, regarding Demenico DiPlato, Team Lead, ordering Plaintiff to work in an area restricted by his accommodations, and saying, "Your health is not my concern";

9

c. August 21, 2023, in-person complaint to Ryan Clover, Union Representative, regarding aggression by Ambrosio Menendez, Area Manager;

d. October 12, 2023, in-person complaint to Ryan Clover, Union Representative, regarding Ambrosio Menendez, Area Manager, ordering Plaintiff to work in an area restricted by his accommodations, and becoming aggressive when being reminded of Plaintiff's restrictions;

e. October 12, 2023, phone call complaint to Speak Up Hotline, regarding Ambrosio Menendez, Area Manager, ordering Plaintiff to work in an area restricted by his accommodations, and becoming aggressive when being reminded of Plaintiff's restrictions;

f. January 26, 2024, in-person complaint to LaTavis Henderson, Team Lead, regarding an order from Jonathan Gavilanes, Team Lead, to improperly and unsafely shut down a machine;

g. February 14, 2024, in-person complaint to Ryan Clover, Union Representative, regarding Jonathan Gavilanes, Team Lead, ordering Plaintiff to complete a task without proper training or support, and becoming aggressive when Plaintiff expressed his concern for safety;

h. February 20, 2024, in-person complaint to Sal Solis, Head Union Representative, and Ryan Clover, Union Representative, regarding Jonathan Gavilanes, Team Lead, ordering Plaintiff to complete a task without proper training or support, and becoming aggressive when Plaintiff expressed his concern for safety;

i. February 21, 2024, in-person complaint to Eric Karr, Human Resources

10

Representative, regarding Jonathan Gavilanes, Team Lead, ordering Plaintiff to complete a task without proper training or support, and becoming aggressive when Plaintiff expressed his concern for safety;

j. March 25, 2024, written complaint to Union, Local 3, regarding Plaintiff's termination, the reason provided, and explanation as to why his termination was wrongful.

51. By its conduct as alleged herein, Defendant retaliated against Plaintiff for engaging in protected activity when it terminated his employment without reasonable cause or justification.

52. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress due to the loss of his employment.

53. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

54. Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT IV

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count IV and:

a) Award Plaintiff equitable/injunctive relief;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e) Award Plaintiff any other relief this Court deems just and proper.

## COUNT V
## (FMLA INTERFERENCE)

55.     Plaintiff re-alleges paragraphs 1 through 12 and incorporates them as fully set forth herein.

56.     The FMLA requires employers to grant employees at least 12 weeks of leave per year to treat or recover from serious health conditions.

57.     As alleged herein, Plaintiff requested intermittent FMLA leave from Defendant, related to a qualifying serious health condition.

58.     Plaintiff had not exhausted all of his FMLA leave entitlement at the time that he requested intermittent FMLA leave.

59.     Defendant interfered with Plaintiff's FMLA rights by denying his request for intermittent FMLA leave.

60.     Defendant's conduct toward Plaintiff exhibited an intentional disregard for Plaintiff's rights under the FMLA and Defendant intentionally violated such rights.

61.     As a result of Defendant's actions, Plaintiff has suffered lost wages and other economic damages.

62.     Plaintiff demands to exercise his right to a jury trial of this matter.

### PRAYER FOR RELIEF AS TO COUNT V

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count V and:

a)      Award Plaintiff equitable/injunctive relief;

b)      Award Plaintiff the value of all actual damages proven at trial;

c)      Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages;

d)      Award Plaintiff liquidated damages;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

**COUNT VI**
**(FMLA RETALIATION)**

63.     Plaintiff re-alleges paragraphs 32 through 54 and incorporates them as fully set forth herein.

64.     The FMLA prohibits employers from retaliating against employees for exercising their FMLA rights or complaining about FMLA rights not being granted.

65.     As alleged herein, Plaintiff requested intermittent FMLA leave from Defendant and complained about not being granted intermittent FMLA leave.

66.     By its conduct as alleged herein, Defendant retaliated against Plaintiff for requesting intermittent FMLA leave and complaining about not being granted intermittent FMLA leave when it terminated his employment without legitimate cause or justification.

67.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

68.     As a result of Defendant's actions, Plaintiff has suffered lost wages and other economic damages.

69.     Plaintiff demands to exercise his right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT VI**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count VI and:

a)      Award Plaintiff equitable/injunctive relief;

b)      Award Plaintiff the value of all actual damages proven at trial;

c)      Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages;

d)      Award Plaintiff liquidated damages;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

**JOEL A. BARNES**

By:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (ARDC No. 6180407)
**LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES, P.C.**
3030 Warrenville Road, Suite 450-42
Lisle, Illinois 60532
(847) 450-1103 | (847) 895-0626
msmith39950@aol.com
msmithlaw123@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOEL A. BARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  1:25-cv-06284** |
| | ) | |
| **DIAGEO NORTH AMERICA INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>COMPLAINT</u>**

# EXHIBIT A

EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 440-2024-07854 |
| Illinois Department Of Human Rights | |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mr. Joel A. Barnes

Home Phone: 

Year of Birth: 1976

Street Address: 

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Diageo North America Inc

No. Employees, Members: 501+ Employees

Phone No.: (646) 321-8155

Street Address:   24440 W 143RD ST

Plainfield, IL 60544

Name:

No. Employees, Members:

Phone No.:

Street Address:

DISCRIMINATION BASED ON:

Disability, Religion, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 08/01/2023

Latest: 03/21/2024

THE PARTICULARS ARE:

I began my employment with Respondent on or about May 7, 2012. My most recent position was Machine Operator. Respondent was aware of my disability. During my employment, I was subjected to harassment, denied a religious accommodation, and denied a reasonable accommodation. I complained to Respondent, but the harassment continued. Subsequently, I was discharged on or about March 21, 2024.

I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of The Americans with Disabilities Act of 1990, as amended.

I believe that I have been discriminated against because of my religion, Hebrew Israelite, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

EEOC Form 5 (07/24)

Digitally Signed By: Mr. Joel A. Barnes

10/17/2024

_____

Charging Party Signature & Date

NOTARY – When necessary for State and Local Agency Requirements

_____

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____

Signature of Complainant

Subscribed and sworn to before me this date: _____

CP Enclosure with EEOC Form 5 (06/24)

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOEL A. BARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  1:25-cv-06284** |
| | ) | |
| **DIAGEO NORTH AMERICA INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>COMPLAINT</u>**

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/07/2025

**To:** Mr. Joel A. Barnes

Charge No: 440-2024-07854

EEOC Representative and email:   ALEXUS REDDITT
Investigator
alexus.redditt@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2024-07854.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
03/07/2025
Amrith Kaur Aakre
District Director

**Cc:**
Michael Brown
24440 W 143RD ST
Plainfield, IL 60544

Jack Malley
Smith Buss & Jacobs
733 YONKERS AVE STE 200
Yonkers, NY 10704

Ivan Mendez
Diageo North America Inc HQ
530 5th Ave
New York, NY 10036

Lisa Caston
24440 W 143RD ST
Plainfield, IL 60544

Michael T Smith
Law Offices of Michael T. Smith & Associates
3030 Warrenville Road Suite 450-42
Lisle, IL 60532

Please retain this notice for your records.